# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 442 | **DATE** | 9/1/2000 |
| **CASE TITLE** | FRANCISCA RIVERA vs. GROSSINGER AUTOPLEX, INC., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion for class certification [38-1] is granted in part. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 05 2000 date docketed | 55 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 SEP -1 PM 7:13 | 9/1/2000 date mailed notice |
| SB | courtroom deputy's initials | | jad mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRANCISCA RIVERA, )
)
Plaintiff, ) No. 00 C 442
)
v. ) Suzanne B. Conlon, Judge
)
GROSSINGER AUTOPLEX, INC., et al. )
)
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

Francisca Rivera ("Rivera") sues Grossinger Autoplex, Inc. ("Grossinger"), Union Acceptance Corp., and Union Acceptance Funding Corp. (collectively "Union") for violating the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and its implementing Regulation Z, 12 C.F.R. § 226.1 *et seq.*[1] Rivera moves to certify a class action pursuant to Fed. R. Civ. P. 23.

## BACKGROUND

In ruling on a motion for class certification, the allegations of the complaint are taken as true. Hickey v. Great Western Mortgage Corp., 158 F.R.D. 603, 606 (N.D. Ill. 1994). On January 25, 1999, Rivera purchased a car on credit from Grossinger, a car dealership. As part of the transaction, Rivera signed a form retail installment contract ("the contract") and an addendum to the contract. The contract listed a $500 charge for "GAP" debt cancellation coverage. GAP coverage provides for the cancellation of any remaining loan deficiency in the event of damage or destruction of the car if

---

[1] On June 19, 2000, the court denied defendants' motion to dismiss Rivera's TILA claims, but granted the motion to dismiss claims brought under Illinois law. Accordingly, this motion concerns only Rivera's TILA claims.

insurance on the car is insufficient to pay the deficiency. The GAP charge was not included in the $8,240.11 finance charge. Instead, the contract listed the GAP charge as part of the $13,570.25 amount financed. Moreover, the addendum identified the term of GAP coverage as "Term (Max. 72 most) 78." The number "78" appears to be typed into the blank after "Term (Max. 72 most) __," which was part of the printed addendum. Grossinger eventually assigned the contract and addendum to Union.

Before describing Rivera's proposed class and addressing the propriety of certification, it is important to discuss the nature of Rivera's TILA claims and the operation of the relevant provisions of Regulation Z. Rivera essentially asserts Grossinger's form contract violated TILA in two ways: (1) it failed to list the GAP coverage charge as part of the finance charge; and (2) it failed to clearly and conspicuously disclose the term of GAP coverage. TILA requires creditors to clearly disclose to consumers the finance charge the consumers will bear under the credit transaction. 15 U.S.C. § 1638(a)(3); Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 930 (7th Cir. 1998). Regulation Z defines "finance charges" as including debt cancellation charges, such as GAP coverage. 12 C.F.R. § 226.4(b)(10). Therefore, a GAP coverage charge generally comprises part of the finance charge and must be disclosed. However, Regulation Z provides that debt cancellation charges may be excluded from finance charges if each of the following requirements is met:

> (A) The debt cancellation agreement or coverage is not required by the creditor, and this fact is disclosed in writing;
>
> (B) The fee or premium for the initial term of coverage is disclosed. If the term of coverage is less than the term of the credit transaction, the term of coverage also shall be disclosed. . . . ;
>
> (C) The consumer signs or initials an affirmative written request for coverage after receiving the disclosures specified in this paragraph.

2

12 C.F.R. § 226.4(d)(3)(i). Finally, the required disclosures must be made "clearly and conspicuously." 12 C.F.R. § 226.17.

Rivera contends the contract and addendum did not meet the § 226.4(d)(3) requirements for exclusion of the GAP charge from the finance charge. Rivera alleges (1) Grossinger failed to clearly disclose that the GAP coverage was voluntary and not a condition for credit; (2) Grossinger did not clearly disclose the term of the GAP coverage; and (3) the contract and addendum do not contain a clear affirmative request for GAP coverage. Amend. Compl. ¶¶ 31-35. Rivera concludes Grossinger should have listed the GAP charge as part of the finance charge instead of part of the amount financed.

Rivera seeks to certify a class defined as all persons who meet the following criteria:

(a) purchased a motor vehicle from Grossinger on or after January 24, 1999 for personal, family, or household purposes,

(b) the purchase transaction was a credit transaction for which a retail installment contract was prepared, and

(c) the purchase transaction included a charge for the purchase of GAP coverage

> (i) utilizing a form document containing provisions identical or substantively identical to those in Rivera's addendum, and the GAP charge was included in the amount financed or excluded from the finance charge on the retail installment contract, or

> (ii) under a document reflecting a coverage term exceeding the maximum term printed thereon.[2]

---

[2] Rivera's submissions on class certification do not address the propriety of certifying those purchasers meeting the conditions of subset (ii) -- those whose purchased under a document reflecting a coverage term exceeding the maximum term printed thereon. Moreover, she effectively concedes class members suffered only the injury described in subset (i) -- purchasing GAP coverage that was improperly excluded from the finance charge. Reply at 8. Accordingly, the court does not addresses the propriety of certifying a class of those purchasers falling under subsection (ii).
In addition, Rivera's motion seeks certification of a subclass of all class members whose purchase contracts were assigned to Union. However, Rivera has since voluntarily withdrawn that request.

3

## DISCUSSION

In order to maintain a class action, Rivera must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). <u>Retired Chicago Police Ass'n v. City of Chicago</u>, 7 F.3d 584, 596 (7th Cir. 1993). Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If these prerequisites are satisfied, the court must determine whether one of the requirements of Rule 23(b) is met. <u>Patrykus v. Gomilla</u>, 121 F.R.D. 357, 360 (N.D. Ill. 1988). Rivera argues Rule 23(b)(3) is satisfied because questions of law or fact common to the class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. <u>See</u> Fed. R. Civ. P. 23(b)(3). Failure to meet any one of the requirements of Rule 23(a) or (b) precludes certification of the class. <u>Patterson v. General Motors Corp.</u>, 631 F.2d 476, 480 (7th Cir. 1980). In assessing certification, the court does not examine the merits of the case. <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 177 (1974). Rivera bears the burden of showing that certification is proper. <u>Trotter v.. Klincar</u>, 748 F.2d 1177, 1184 (7th Cir. 1984).

### I.     NUMEROSITY

Rule 23(a)(1) permits certification only when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable" does not mean "impossible," but rather, extremely difficult and inconvenient. <u>See, e.g.</u>, <u>Skelton v. General Motors Corp.</u>, 1985-2 Trade Cas. (CCH) P 66,683 (N.D. Ill. 1985). Although Rule 23 does not impose an absolute minimum on the permissible number of class members, a small number militates against certification. Certification

of classes containing less than twenty-five members is generally not permitted absent special circumstances. CL- Alexanders Laing & Cruickshank v. Goldfeld, 127 F.R.D. 454, 455-57 (S.D.N.Y. 1989); State Security Ins. Co. v. Frank B. Hall & Co., 95 F.R.D. 496, 498 (N.D. Ill. 1982). Rivera must show some evidence of the number of class members, but precise numbers are not required; a good faith estimate is sufficient. Allen v. City of Chicago, 828 F. Supp. 543, 550 (N.D. Ill. 1993); Long v. Thornton Township High. Sch. Dist. 205, 82 F.R.D. 186, 189 (N.D. Ill. 1979). The court is entitled to make common sense assumptions when determining whether the class is so numerous that joinder is impracticable. Buycks-Roberson v. Citibank Federal Savings Bank, 162 F.R.D. 322, 329 (N.D. Ill. 1995).

The affidavit of Rivera's attorney, Jonathan Nachsin, supports a finding of numerosity. According to Nachsin, discovery has revealed that in the year beginning January 24, 1999, at least 122 customers purchasing cars on credit from Grossinger also purchased GAP coverage pursuant to form contracts and addenda using the same language used in Rivera's addendum. Nachsin Aff. ¶¶ 9-10. A class of 122 members is sufficiently numerous to render joinder impracticable.

## II. COMMONALITY, TYPICALITY, AND PREDOMINANCE

Rule 23(a)(2) requires Rivera to demonstrate that there is at least one question of law or fact common to the class. In re VMS Sec. Litig., 136 F.R.D. 466, 473 (N.D. Ill. 1991). Not all factual or legal questions must be common to all class members. Allen, 828 F. Supp. at 551. Thus, class certification cannot be defeated solely because there are some factual variations among the claims of individual members. Patterson, 631 F.2d at 481. A common nucleus of operative facts is typically present and the commonality requirement is usually met where a defendant engages in standardized conduct toward members of the proposed class, Allen, 828 F. Supp. at 551 (citing Patrykus, 121

F.R.D. at 361), or where the class claims arise out of standardized documents. Johnson v. Aronson Furniture Co., 1998 WL 641342, at *3 (N.D. Ill. Sept. 11, 1998) (Anderson, J.).

Under Rule 23(a)(3)'s typicality requirement, the representative's claims must have the "same essential characteristics as the claims of the class at large." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). A claim is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory. Id. (citing H. Newberg, Class Actions § 1115(b) at 185 (1977)). The similarity of legal theory may control even where factual distinctions exist between the claims of the named representative and the other class members. De La Fuente, 713 F.2d at 232. "Thus, similarity of legal theory may control even in the face of differences of fact." Id.

Common questions of fact are present because Rivera alleges Grossinger sold vehicles on credit to class members using standardized contracts and addenda that excluded the GAP charge from the finance charge and contained the same language used in her contract and addendum. These common facts present a common question of law: whether the contracts and addenda meet the § 226.4(d)(3)(i) requirements for exclusion of the GAP charge from the finance charge. Finally, Rivera's TILA claims are typical of those of the class. The central issue is whether the form contracts signed by Rivera and the class members improperly excludes the GAP charge from the finance charge in violation of TILA and Regulation Z. Accordingly, the commonality and typicality requirements are satisfied. See, e.g., Johnson, 1998 WL 641342, at * 3 (commonality and typicality requirements met where plaintiff alleged defendant violated TILA by making improper disclosures on form retail installment contracts); Cox v. Joe Rizza Ford, Inc., 1996 WL 65994, at * 9 (N.D. Ill. Feb. 9, 1996) (Manning, J.) (same).

Grossinger asserts commonality and typicality are not present because its contracts with the class members did not violate TILA. Specifically, Grossinger argues Rivera's TILA claims are premised on Grossinger's alleged failure to meet one particular prerequisites under § 226.4(d)(3)(i) for exclusion of the GAP charge from the finance charge. According to Grossinger, Rivera contends Grossinger did not clearly disclose the term of her GAP coverage as required by subsection B of § 226.4(d)(3)(i). Subsection B requires disclosure of the GAP coverage term when the GAP term is shorter than the loan term. Grossinger argues Rivera is the only customer who bought GAP coverage at a term shorter than the term of the financing agreement. Grossinger asserts that because the rest of the class did not buy GAP coverage at a term shorter than the term of the loan, Grossinger complied with § 226.4(d)(3)(i) as to those customers and was entitled to exclude the GAP charge from the finance charge.

Grossinger's argument lacks merits. It improperly fixates on subsection B's GAP term disclosure requirement. A creditor does not violate TILA by excluding the GAP charge from the finance charge only when the GAP coverage term is shorter than the term of the loan and the creditor fails to disclose the term of GAP coverage. Disclosure of the GAP term when that term is shorter than the loan term is only one of the conditions that must be met under § 226.4(d)(3)(i) before a lender may properly exclude a GAP charge from the finance charge. As discussed, § 226.4(d)(3)(i) also requires that (1) the debt cancellation agreement or coverage is not required by the creditor, and this fact is disclosed in writing; (2) the fee or premium for the initial term of coverage is disclosed; and (3) the consumer signs or initials an affirmative written request for coverage after receiving the disclosures specified in § 226.4(d)(3)(i).

Therefore, even if the term of GAP coverage purchased by a class member was not shorter than the term of his loan, he could still prevail on the claim that Grossinger improperly excluded the GAP charge from the finance charge if his contract did not comply with one of the other § 226.4(d)(3)(i) prerequisites. Grossinger argues an inquiry into whether these other requirements were satisfied as to the class will cause individual issues to predominate over common questions, rendering certification improper under Rule 23(b)(2). The court disagrees. The additional § 226.4(d)(3)(i) prerequisites are likely to figure prominently in Rivera's own claim, as the amended complaint alleges Grossinger's form contract violates all of the § 226.4(d)(3)(i) requirements, not just the GAP term disclosure requirement. Analysis of each § 226.4(d)(3)(i) requirements is therefore part of the overarching question of whether Grossinger's exclusion of the GAP charge from the finance charge was proper. Accordingly, the individual issues do not predominate.[3]

### III. SUPERIORITY

Finally, in addition to showing that common issues predominate over individual ones, Rule 23(b)(2) requires Rivera to show that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.[4] This requirement is met. Class actions are particularly appropriate in consumer protection cases where, as here, there is a large number of small or

---

[3] Grossinger's undue focus on the GAP term disclosure requirement appears to be due to this court's June 19, 2000 order denying defendants' motion to dismiss Rivera's TILA claims. The court determined Grossinger failed to clearly and conspicuously disclose the term of GAP coverage on Rivera's contract as required by § 226.4(d)(3)(i)(B), and therefore that Rivera stated a claim that Grossinger improperly excluded the GAP charge from the finance charge under § 226.4(d)(3)(i). However, the court did not address whether Rivera's contract met the other prerequisites under § 226.4(d)(3)(i) to exclusion of the GAP charge from the finance charge. 7/19/2000 Op. at 6 n. 1.

[4] Grossinger does not argue Rivera is an inadequate class representative, and the court finds Rivera and her experienced counsel are adequate.

medium-sized claims that are otherwise cost-prohibitive. See Cox, 1996 WL 65994, at * 11; In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977). Moreover, it is likely that most class members are unaware of their rights under TILA and therefore unlikely that they will bring suit to enforce their rights. Cox, 1996 WL 65994, at * 11.

## CONCLUSION

The motion for class certification is granted in part. The court certifies a plaintiff class defined as all persons who meet the following criteria:

(a) purchased a motor vehicle from Grossinger on or after January 24, 1999 for personal, family, or household purposes,

(b) the purchase transaction was a credit transaction for which a retail installment contract was prepared, and

(c) the purchase transaction included a charge for the purchase of GAP coverage utilizing a form document containing provisions identical or substantively identical to those in Rivera's addendum, and the GAP charge was included in the amount financed or excluded from the finance charge on the retail installment contract.

ENTER:

_____
Suzanne B. Conlon
United States District Judge

September 1, 2000