Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 442 | **DATE** | 10/11/2000 |
| **CASE TITLE** | FRANCISCA RIVERA, et al. vs. GROSSINGER AUTOPLEX, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiffs' motion for summary judgment [17-1] is denied. The parties shall present their joint final pretrial order and agreed jury instructions on November 7, 2000 at 9:00 a.m.; plaintiffs' draft shall be submitted to defendant Grossinger by October 30, 2000. Trial is set on November 29, 2000 at 9:00 a.m.  ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | ED-7 FILED FOR DOCKETING | docketing deputy initials | 81 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 00 OCT 12 PM 4:58 | 10/11/2000 date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCISCA RIVERA, individually and on )
behalf of all others similarly situated, )
) No. 00 C 0442
Plaintiffs, )
) Suzanne B. Conlon, Judge
v. )
)
GROSSINGER AUTOPLEX, INC., UNION )
ACCEPTANCE CORP. and UNION )
ACCEPTANCE FUNDING CORP., )
)
Defendants. )

DOCKETED
OCT 16 2000

## MEMORANDUM OPINION AND ORDER

Francisco Rivera sues Grossinger Autoplex, Inc. ("Grossinger"), Union Acceptance Corp. and Union Acceptance Funding Corp. for violating the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and its implementing regulation, Regulation Z, 12 C.F.R. § 226.1 *et seq.* Rivera moves for summary judgment on Counts I and II of the amended complaint, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1. Count I alleges a violation of TILA against Grossinger on the grounds Grossinger had Rivera sign a retail installment contract that violated TILA's disclosure rules. Count II alleges a violation of TILA against Union. As Union has been voluntarily dismissed from this suit, Rivera's motion for summary judgment on Count II is moot.

## BACKGROUND

The facts in this case are not in dispute. On January 25, 1999, Rivera purchased a used 1995 Chevrolet Lumina from Grossinger, a car dealership. As part of the transaction, Rivera signed a form retail installment contract ("the contract") and an addendum to the contract. The contract listed a charge of $500 for "GAP" under the "Itemization of Amount Financed" section. "GAP" refers to debt

cancellation coverage that provides for cancellation of any remaining loan deficiency in the event of damage or destruction of the car if insurance is insufficient to pay the deficiency. The GAP charge was not included in the $8,240.11 finance charge for the car. Instead, the contract listed the GAP charge as part of the amount financed, and was thus subject to an interest charge.

Rivera filed suit against Grossinger on January 24, 2000. On September 1, this court certified a plaintiff class defined as all persons who:

> (a) purchased a motor vehicle from Grossinger on or after January 24, 1999 for personal, family, or household purposes;
>
> (b) the purchase transaction was a credit transaction for which a retail installment contract was prepared; and
>
> (c) the purchase transaction included a charge for the purchase of GAP coverage utilizing a form document containing provisions identical or substantively identical to those in Rivera's addendum, and the GAP charge was included in the amount financed or excluded from the finance charge on the retail installment contract.

Rivera has not yet submitted a proposed class notice to the court for approval.

## **DISCUSSION**

### I  **Standard of review**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the record and draw all reasonable inferences in the light most favorable to the nonmoving party. Thomas & Betts Corp. v. Panduit Corp., 138 F.3d 277, 291 (7th Cir. 1998). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes that

2

could affect the outcome of the suit will preclude an entry of judgment for the moving party. Thomas & Betts, 138 F.3d at 291.

**II    TILA claim**

Rivera asserts Grossinger's form contract violated TILA in two ways: (1) it failed to list the GAP coverage charge as part of the finance charge; and (2) it failed to clearly and conspicuously disclose the term of GAP coverage. TILA requires creditors to clearly disclose the finance charge that consumers will bear under the credit transaction. 15 U.S.C. § 1638(a)(3); Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 930 (7th Cir. 1998). Regulation Z defines "finance charges" as including debt cancellation charges, such as GAP coverage. 12 C.F.R. § 226.4(b)(10). Therefore, a GAP coverage charge generally comprises part of the finance charge and must be disclosed. However, Regulation Z provides that debt cancellation charges may be excluded from finance charges if each of the following requirements is met:

> (A) The debt cancellation agreement or coverage is not required by the creditor, and this fact is disclosed in writing;
>
> (B) The fee or premium for the initial term of coverage is disclosed. If the term of coverage is less than the term of the credit transaction, the term of coverage also shall be disclosed; and
>
> (C) The consumer signs or initials an affirmative written request for coverage after receiving the disclosures specified in this paragraph.

12 C.F.R. § 226.4(d)(3)(i). The required disclosures must be made "clearly and conspicuously." 12 C.F.R. 226.17.

Grossinger excluded the GAP charge from the finance charge, but included the charge as part of the amount financed. As a result, Grossinger must comply with § 226.4(d)(3)(i) (A) - (C) or the contract violates TILA.

3

1       Section 226.4(d)(3)(i)(A)

Under this subsection, Grossinger must disclose in writing that the GAP coverage is not required. The addendum to the contract states that the GAP coverage is voluntary in two different places. Defendant's Local Rule 56.1(b) Statement of Material Facts (Def. Facts"), Ex. 3. Thus, the only issue to be determined is whether the required disclosure is clear and conspicuous as required by § 226.17.

Conspicuousness for purposes of § 226.17 is a question of law rather than fact. Smith v. Check-N-Go of Ill., 200 F.3d 511, 514 (7th Cir. 1999). The legal standard is the objective "reasonable person" approach. Id. at 514-515. Determination of conspicuousness depends on the contents of the form in question, not the reader's comprehension of the form. Id. Under this standard, Rivera fails to show as a matter of law that the disclosure concerning GAP coverage was not conspicuous. The first paragraph of the addendum states, "AGREEMENT - Although not required to do so, YOU have elected to participate in this Financial GAP Program." Def. Facts, Ex. 3. Thus, if a consumer reads the first paragraph of the addendum with any degree of care, it may reasonably be inferred he or she is on notice that GAP coverage is voluntary.

Further, the fourth paragraph of the addendum reads, "ENROLLMENT - YOU understand and agree that YOUR acceptance or rejection of enrollment in this Program is voluntary and is not a condition precedent to, or a consideration required to obtain credit." Def. Facts, Ex. 3. Thus, it may reasonably be inferred that a consumer who reads the entire addendum prior to signing is warned a second time that GAP coverage is optional.

Rivera argues the text of the disclosures is not conspicuous because it does not contain bold or underlined print, or letters of different size, color or font. There is no doubt Grossinger could have

made the disclosures more conspicuous by altering the appearance of the disclosures. The question, however, is whether the contract was legally sufficient under TILA. Rivera has not shown as a matter of law that disclosures under § 226.17 must be a different color, font size, etc.

Rivera also argues the language of the addendum is confusing. While the language of the contract is not a model of clarity, this argument does not merit summary judgment. The question is whether a reasonable person would have understood whether or not the GAP coverage charge is voluntary. The question is not, as Rivera appears to argue, whether a reasonable person would have understood the intricacies of GAP coverage, or even the difference between the Financial GAP Program Waiver and the Financial GAP Program. The addendum states twice that obtaining GAP coverage is voluntary. A reasonable inference may be drawn that this language means that GAP coverage is voluntary, notwithstanding any confusion as to the specifics of GAP coverage.

Finally, Rivera contends that Grossinger should have used a form document similar to the Federal Reserve Board-prepared model TILA disclosure form. However, Regulation Z specifically permits disclosure of GAP coverage to be separate from other TILA disclosures. 12 C.F.R. § 226.17(a)(1), n. 38. Grossinger thus was free to design any form it desired, so long as the disclosure was clear and conspicuous. Rivera has not shown as a matter of law that Grossinger was required to use the Federal Reserve Board TILA disclosure form as a model for its contract.

## 2    Section 226.4(d)(3)(i)(B)

Regulation Z's second requirement is that the creditor must disclose the fee for the initial term of coverage and, if the term of the coverage is less than the term of the credit transaction, the term of coverage must also be disclosed. Rivera does not argue that Grossinger failed to disclose the fee for GAP coverage, so the only issue is whether Grossinger failed to disclose the term of GAP coverage.

5

Grossinger asserts only Rivera purchased contract coverage shorter than the term of her credit transaction. Rivera does not dispute this assertion. Therefore, the only contract that may have violated § 226.4(d)(3)(i)(B) is the one signed by Rivera.

As this court noted in an earlier ruling, Rivera's contract is ambiguous with respect to its term of GAP coverage. It is unclear from the face of the contract whether the GAP coverage is for a period of 72 months or 78 months. If the GAP coverage were in effect for only 72 months, it would be shorter than the term of Rivera's credit transaction, and thus would have to be clearly disclosed. However, Grossinger has submitted evidence that Rivera's GAP coverage was in effect for the entire period of her retail installment contract. Nerad Dep., 33-35; 45. Thus, Rivera fails to show that as a matter of law the term of GAP coverage had to be clearly disclosed.

### 3    Section 226.4(d)(3)(i)(C)

Grossinger asserts that Rivera and all other class members signed the addendum that disclosed the GAP coverage charge. Rivera does not submit any evidence to dispute this assertion. As a result, Rivera fails to establish a violation of § 226.4(d)(3)(i)(C)'s requirement that each consumer initial an affirmative written request for GAP coverage.

### CONCLUSION

Rivera fails to show she is entitled to judgment as a matter of law. Accordingly, her motion for summary judgment is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 11, 2000