Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 442 | **DATE** | 12/1/2000 |
| **CASE TITLE** | FRANCISCA RIVERA vs. GROSSINGER AUTOPLEX, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion for summary judgment [94-1] is granted. Judgment is entered for defendant Grossinger Autoplex, Inc. and against plaintiff Francisca Rivera and the plaintiff class. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 101 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC -7 PM 4:40 | 12/1/2000 date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCISCA RIVERA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GROSSINGER AUTOPLEX, INC., UNION ACCEPTANCE CORP., and UNION ACCEPTANCE FUNDING CORP.,

    Defendants.

No. 00 C 442

Suzanne B. Conlon, Judge

## MEMORANDUM OPINION AND ORDER

Francisca Rivera ("Rivera") sues Grossinger Autoplex, Inc. ("Grossinger") on behalf of herself and all persons who (1) purchased a motor vehicle from Grossinger on or after January 24, 1999 for personal, family, or household purposes; (2) signed a retail installment contract and purchased GAP coverage by signing an addendum similar to Rivera's addendum; and (3) received a charge for GAP coverage, which was either included in the amount financed or excluded from the finance charge on the retail installment contract.[1] Plaintiffs bring this action under the Truth in Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA") and its implementing Regulation Z, 12 C.F.R. § 226.1 et seq. In Count I of the amended complaint, plaintiffs allege Grossinger's retail installment contract violated TILA.[2] Grossinger moves for summary judgment on Count I, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1.

---

[1] Union Acceptance Corp. and Union Acceptance Funding Corp. were voluntarily dismissed.

[2] On June 19, 2000, the court granted defendants' motion to dismiss Rivera's Illinois law claims.

## BACKGROUND

All facts in this case are undisputed. Rivera purchased a 1995 Chevrolet Lumina automobile from Grossinger's dealership in Lincolnwood, Illinois on January 25, 1999. Grossinger's 56.1(a) Statement of Undisputed Material Facts ("Grossinger 56.1(a)") ¶ 9. As part of the transaction, Rivera signed a retail installment contract and an addendum to the contract. *Id.* at ¶ 10. A $500 charge for guaranteed auto protection against theft or destruction ("insurance") was listed in the contract under the "amount financed" section rather than the "finance charge" section. *Id.* at ¶¶ 13-14.[3] The addendum is an agreement for the purchase of GAP coverage. *Id.* at ¶ 20. The addendum states the term of insurance coverage is 78 months and the maximum term permitted for coverage is 72 months. *Id.* at Ex. F. On the addendum, the coverage term is identified as "Term (Max. 72 most) 78 )." *Id.* The number "78" appears to be typed into a blank with a line, which was part of the printed addendum. *Id.* In the section entitled "AGREEMENT," the addendum states "[although not required to do so, YOU have elected to participate in this Financial [guaranteed auto protection] Program." *Id.* In the section entitled ENROLLMENT, the addendum reads "YOU understand and agree that YOUR acceptance or rejection of enrollment in the Program is voluntary and is not a condition precedent to, or a consideration required to obtain credit." *Id.*

Plaintiffs contend the insurance charge was improperly included in the "amount financed" section of the contract, and therefore, improperly subject to an interest charge. Specifically, they allege the charge should have been included in the "finance charge" section because the insurance coverage

---

[3]If the automobile is stolen or destroyed, GAP coverage cancels debtor liability on the amount of the loan exceeding the value of the automobile. *McGee v. Kerr-Hickman Chrysler Plymouth, Inc.*, 93 F.3d 380, 383 (7th Cir. 1996).

was imposed on them. Grossinger contends insurance coverage was clearly and conspicuously voluntary.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

### II. TILA

TILA was implemented to protect consumers' ability to (1) compare various available credit terms and make informed credit choices and (2) avoid inaccurate and unfair credit billing and credit card practices. 15 U.S.C. § 1601(a); *See also Gibson v. Bob Watson Chevrolet-Geo, Inc.*, 112 F.3d 283, 285 (7th Cir. 1997) (TILA's purpose is to protect consumers from being misled about the cost of credit).

3

TILA defines a "finance charge" as the "sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605(a). Under Regulation Z, which implements TILA, 12 C.F.R. § 226,1 *et. seq.*, insurance coverage may be excluded from "finance charges" only if specific requirements are met. The requirements include: (1) the consumer is informed in writing that coverage is voluntary; (2) the fee or premium for the initial term of coverage is disclosed; (3) the term of coverage is disclosed if it is shorter than the term of the credit transaction; and (4) the consumer signs a written request for coverage after receiving the required disclosures. 12 C.F.R. § 226.4(3). Regulation Z further requires the creditor to make these disclosures clearly and conspicuously. 12 C.F.R. § 226.17. Whether these disclosures are clear and conspicuous under TILA is a question of law, and courts examine the disclosures from the viewpoint of an objective reasonable person. *Smith v. Check-N-Go of Illinois, Inc., et al.*, 200 F.3d 511, 514-515 (7th Cir. 1999).

### III. Voluntariness

Plaintiffs contend disclosures regarding the voluntary nature of insurance coverage were not clear and conspicuous in Grossinger's addendums. The addendums described the voluntary nature of the program in two different sections. Therefore, as this court stated in the decision denying plaintiffs' motion for summary judgment, a consumer who reads the addendum with any degree of care will be on notice that coverage is voluntary. *Rivera v. Grossinger Autoplex, Inc.*, No. 00 C 0442 (October 19, 2000), at 4. Grossinger clearly and conspicuously disclosed the voluntary nature of the insurance coverage.

## IV  Disclosure of term coverage

Plaintiffs further contend term coverage disclosures were required for Rivera's contract, and Grossinger did not make these disclosures clear and conspicuous.[4] In the decision denying plaintiffs' summary judgment motion, this court recognized the addendum was unclear as to whether Rivera had insurance coverage for the entire term of the credit transaction. *Rivera*, No. 00 C 0442 at 6. However, the court further explained Rivera could not establish a TILA violation because Grossinger provided evidence Rivera was in fact covered for the entire period of her retail installment contract. *Id.* at 6; Nerad Dep. at 33-35; 45. This evidence is undisputed. As discussed above, TILA does not require clear and conspicuous disclosure of term coverage when the consumer is covered for the entire credit transaction. Accordingly, Grossinger satisfied all TILA requirements for including the auto protection charge in the "amount financed" section of the contract.

## CONCLUSION

Grossinger's motion for summary judgment is granted.

ENTER:

Suzanne B. Conlon
United States District Judge

December 1, 2000

---

[4]This claim pertains only to Rivera's contract. It is undisputed other class members had insurance coverage for the entire credit transaction period, and therefore, their terms of coverage were not required to be clearly and conspicuously disclosed under TILA.

5